**LNV CORPORATION, a Nevada Corporation, Plaintiff,**

v.

**Robynne A. FAULEY, a citizen of the State of Oregon, et al, Defendants.**

No. 3:15-cv-01422-HZ

United States District Court, D. Oregon.

Signed April 18, 2016

Erick J. Haynie, Jeffrey M. Peterson, Perkins Coie, LLP, 1120 NW Couch St., 10th Floor, Portland, OR 97209, Attorneys for Plaintiff

David P. Smith, The Smith Firm, PC, 1754 Willamette Falls Dr., West Linn, OR 97068, Attorney for Defendant Fauley

## OPINION & ORDER

MARCO A. HERNÁNDEZ, United States District Judge

Plaintiff LNV Corporation seeks judicial foreclosure against Defendant Robynne Fauley. Currently before the Court is LNV's motion for summary judgment. There is no dispute that LNV is the holder of the note and that Ms. Fauley has defaulted. Therefore, LNV's motion is granted.

## BACKGROUND

The following facts are undisputed except where noted otherwise. In June of 2012, Fauley received a loan from Washington Mutual Bank ("WaMu") for $330,000. Hamilton Decl. ¶¶ 6–7, Ex. 1 at 1, ECF Nos. 24, 24-1. The loan is evidence by a Promissory Note. Id. ¶ 7, Ex. 1. The Note is signed by Fauley, and reads, in relevant part:

In return for a loan that I have received, I promise to pay ... $330,000 ... plus interest, to the order of the Lender. The Lender is Washington Mutual Bank, FA. I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

Hamilton Decl. Ex. 1 at 1.

Fauley secured the loan with a deed of trust on her home, located at 12125 Southeast Laughting Water Road in Sandy, Oregon. Hamilton Decl. ¶¶ 5, 8, Ex. 3 at 1, ECF No. 24-3. The deed of trust allows the lender to "invoke the power of sale and any other remedies permitted by Applicable Law" in the event of an uncured default. Hamilton Decl. Ex. 3 at 7.

Through a series of undated transfers, LNV now holds the Note. WaMu transferred the Note to Residential Funding Corporation ("RFC") by endorsing the Note to the order of and delivering the Note to RFC. Hamilton Decl. Ex. 1 at 2. RFC then transferred the Note to Deutsche Bank Trust Company Americas ("Deutsche Bank") by the same method. Id. Deutsche Bank then transferred the Note to Residential Funding Company, LLC ("RFC, LLC") by endorsing it to the order of RFC, LLC in an allonge, and then delivering the Note and allonge to RFC,

LLC. Id. Ex. 1 at 3. Finally, RFC, LLC transferred the Note to LNV by endorsing it to the order of LNV in an allonge and then delivering the Note and allonge to LNV. Id. at 4; see also Williams Affidavit ¶¶ 6a–6c, ECF No. 32 (declaration from defendant's expert describing the Note's assignments). LNV's trial counsel has physical possession of the original note. Peterson Decl. ¶¶ 6–7, ECF No. 40.

The chain of title for the trust deed is, as Judge Acosta described in a prior case involving Fauley's mortgage, "muddled."[1] WaMu assigned its beneficial interest in the trust deed to Deutsche Bank in July of 2002, and Deutsche Bank recorded the assignment on April 3, 2003. Williams Aff. Ex. 5. Deutsche Bank, acting through RFC via a purported limited power of attorney, assigned the trust deed back to WaMu in April of 2007. Williams Aff. ¶¶ 6f, 6j. The document was recorded on May 3, 2007. Williams Aff. Ex. 10. Although WaMu was the most recent assignee of record, Deutsche Bank then assigned the trust deed to RFC, LLC in a document recorded in October of 2008. Williams Aff. Ex. 13. RFC, LLC immediately assigned the trust deed to LNV on October 31, 2008. Williams Aff. Ex. 11. The assignment to LNV was re-recorded at LNV's request in April of 2012. Id. In July 2012, WaMu's successor in interest, JP Morgan Chase Bank NA, assigned the trust deed to RFC, LLC. Williams Aff. Ex. 16. The assignment was not recorded. Id.

The Note obligated Fauley to make monthly payments beginning in August of 2002. Hamilton Decl. ¶ 11, Ex. 1 at 1. Fauley defaulted on the loan in March of 2010 by failing to pay her monthly payment; she made her last payment on the loan in August of 2012. Hamilton Decl. ¶ 12. LNV's loan servicer, MGC Mortgage,

Inc., set Fauley a notice of Default in August of 2012, notifying her of the default, the actions she could take to cure, a deadline to cure, and the potential acceleration of the principal balance remaining on the loan. Id. ¶ 13, Ex. 6. Fauley did not cure the default, and LNV accelerated the Note. Compl. ¶ 21, ECF No. 1; Hamilton Decl. ¶ 14. As of October 30, 2015, Fauley owes $461,960.32, which includes the outstanding principal of nearly $298,000, over $121,000 in unpaid interest, and tens of thousands of dollars in other fees, charges, taxes and more. Hamilton Decl. ¶ 14, Ex. 5. The loan remains uncured. Hamilton Decl. ¶ 14.

LNV now seeks judicial foreclosure of Fauley's trust deed. Compl. ¶¶ 29–40. Through its motion for summary judgment, LNV asserts that the indisputable facts establish that Fauley took out a loan secured by her house and defaulted, and that LNV, as current holder of the Note and the beneficiary of the trust deed, has the right to foreclose. Pl. Mot. at 2, ECF No. 23. Fauley claims that the chain of title of the Note and Trust Deed are "irreparably broken." Def. Resp. at 2, ECF No. 35. Therefore, Fauley argues, LNV and its servicer MGC Mortgage "cannot foreclose on [her] property" because "they cannot legitimately claim ownership or title to the Note and Deed of Trust. Id. at 10.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those

[1]. Fauley v. Washington Mut. Bank FA, No. 3:13–CV–00581–AC, 2014 WL 1217852, at *2

(D.Or. Mar. 21, 2014)

portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927–28 (9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir.2007) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548).

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir.2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1112 (9th Cir.2011).

### DISCUSSION

Under Oregon law, "[t]ransfers in trust of an interest in real property may be made to secure the performance of an obligation of a grantor, or any other person named in the deed, to a beneficiary." OR. REV. STAT. § ("ORS") 86.710. "The power of sale may be exercised after a breach of the obligation for which the transfer is security; and a trust deed ... may be foreclosed by advertisement and sale in the manner provided in ORS 86.705 to 86.795, or, at the option of the beneficiary, may be foreclosed by the beneficiary as provided by law for the foreclosure of mortgages on real property." Id.; see also BAC Home Loans Servicing, LP v. Hack-

ett, No. 3:11–CV–00416–HZ, 2013 WL 5636714, at *3 (D.Or. Oct. 11, 2013). "To succeed in its pursuit of a judicial foreclosure, LNV needs to show that 1) [Fauley] executed a deed of trust to secure performance of an obligation to a beneficiary and that 2) [Fauley] breached that obligation. LNV Corp. v. Subramaniam, No. 3:14–CV–01836–MO, 2015 WL 6123769, at *2 (D.Or. Oct. 16, 2015), appeal dismissed (Dec. 1, 2015) (citing BAC Home Loans Servicing, LP, 2013 WL 5636714, at *3).

Here, LNV has shown both. The evidence in the record establishes that Fauley executed a deed of trust to secure the $330,000 loan she received from WaMu. Williams Aff. Ex. 4 at 2; Hamilton Decl. ¶ 8, Ex. 3 art 2. There is no dispute that Fauley breached her obligation by failing to make the payments due. Fauley, in fact, admits as much: "I do not deny that I have not made payments on the promissory note I signed in 2002 for many years ...." Fauley Aff. ¶ 2, ECF No. 34.

Fauley argues that she did not actually default because she had a customer service dispute with MGC Mortgage. Fauley Aff. ¶ 2; Def. Resp. at 17–18. But she offers no authority for the proposition that such a dispute gives her the right under the Note or Trust Deed to cease making payments. The undisputed evidence in the record establishes that Fauley agreed to pay the amount due under the Note, and she agreed that if she failed to make payments in the manner required by the Note, the Note Holder could pursue legal remedies, including foreclosure, against her. See Hamilton Decl. Ex. 1 at 1; Ex. 3 at 7. Fauley readily admits to not making the required payments. Fauley Aff. ¶¶ 2, 5. Therefore, she is in default.

Fauley also attempts to avoid foreclosure by calling into question the recordation and chain of title of the Note and Trust Deed. Def. Resp. at 1–10. But she

does not raise a material question of fact regarding LNV's evidence that it is in physical possession of the original Note. "An instrument, such as a promissory note, may be enforced by 1) the holder of the instrument, 2) a non-holder in possession of the instrument, who has the rights of a holder, or 3) a person not in possession of the instrument who is entitled to enforce under other provisions." Theiss v. CitiMortgage, Inc., No. 6:12–CV–2215–PA, 2013 WL 4516764, at *3 (D.Or. Aug. 23, 2013) (citing ORS 73.0301). "A party in possession of an instrument payable to bearer is the holder of that instrument." Id. (citing ORS 71.2010(2)(u)(A)). Fauley does not, and cannot, dispute that LNV has possession of the Note, and that the Note has been endorsed as payable to LNV. Therefore, LNV is the holder of the Note and has the right to enforce it.

█ As the Note holder, LNV is the beneficiary of the Trust Deed because, under Oregon law, a "trust deed follows the note by operation of law." Brandrup v. ReconTrust Co., N.A., 353 Or. 668, 679 n. 2, 303 P.3d 301 (2013). Fauley's argument that LNV is not entitled to summary judgment because the trust deed and the Note took divergent paths to arrive in LNV's possession is unavailing. "According to Oregon case law reaching back more than a century, the note and its security may not be assigned to separate parties. The latter (i.e. the security) is merely an 'incident' of the former." James v. ReconTrust Co., 845 F.Supp.2d 1145, 1158 (D.Or.2012) (citing West v. White, 92 Or.App. 401, 404, 758 P.2d 424, aff'd, 307 Or. 296, 766 P.2d 383 (1988); U.S. Nat'l Bank of Portland v. Holton, 99 Or. 419, 427–429, 195 P. 823 (1921) (collecting early Oregon cases)). "An attempt, therefore, to make one party the noteholder and another the beneficiary would result in a 'nullity.'" Id. (citing Schleef v. Purdy, 107 Or. 71, 78, 214 P. 137 (1923) (the security instrument cannot "be sold separately from the debt itself, and

the transfer of the mortgage, without a transfer of the debt intended to be secured thereby, is a mere nullity"); C. Brown and W. Dougherty, Assignment of Realty Mortgages in Oregon, 17 Or. L. Rev. 83, 84 (1938) ("The debt cannot be assigned to one and the security to another; for, generally speaking, the security follows the debt")).

The Oregon Supreme Court made clear in Brandrup and Niday that "[a] trust deed follows the promissory note that it secures." Brandrup, 353 Or. at 694, 303 P.3d 301; Niday v. GMAC Mortgage, LLC, 353 Or. 648, 664, 302 P.3d 444, 453 (2013) ("the 'beneficiary' is the person to whom the obligation that the trust deed secures is owed ... in this case, either the lender or its successor.) (citing Brandrup, 353 Or. at 689, 303 P.3d 301). The Brandrup and Niday cases analyzed whether a non-lender third party designated as the beneficiary in the trust deed was the proper party to foreclose on the deed under the Oregon Trust Deed Act. See, e.g., Niday, 353 Or. at 664, 302 P.3d 444. "The fact that [a non-lender third party] was identified in the trust deed as the 'beneficiary' does not make it so for purposes of the OTDA. Rather, the 'beneficiary' is the person to whom the obligation that the trust deed secures is owed." Id. (citing Brandrup, 353 Or. at 689, 303 P.3d 301). "[I]n a typical trust deed transaction where the obligation that is secured by the trust deed is memorialized in a promissory note, the 'beneficiary' would be the person who is entitled to repayment of the note obligation, that is, either the lender or the lender's successor in interest." Id. at 658, 302 P.3d 444, 453 (citing Brandrup, 353 Or. at 661–62, 303 P.3d 301). Thus, the attempt to designate the non-lender third party as a "beneficiary" did not confer upon the third party "any authority ... to initiate or direct ... foreclosure of a trust deed" because the third party was not actually the beneficia-

ry. Id. at 664, 302 P.3d 444, 453. That authority rested with the lender, or the lender's successors in interest, regardless of the divergent path the trust deed had taken by attempted assignment.

Similarly here, the fact that the trust deed and Note have taken divergent paths is entirely inapposite. There is no question that the Note has been transferred to LNV by endorsement, and that LNV is in current physical possession of the Note. Williams Aff. Exs. 1–3; Peterson Decl. ¶¶ 6–7. Therefore, LNV is the entity "entitled to repayment of the [N]ote obligation," and, in turn, LNV is the beneficiary of the trust deed, irrespective of its "muddled" chain of title. Niday, 353 Or. 658, 302 P.3d 444.

At oral argument Fauley raised, for the first time, the possibility that the Note LNV holds was not authentic, and she requested the opportunity to inspect the document with the help of a handwriting expert. That request is denied. Fauley's new theory is pure speculation unsupported by any evidence in the record. See Nelson v. Pima Cmty. Coll., 83 F.3d 1075, 1081–82 (9th Cir.1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Because Fauley has failed to show any genuine dispute over any material fact, LNV's motion for summary judgment is granted.

## ORDER

For the reasons stated, Plaintiff's motion for summary judgment [23] is granted. Plaintiff, after conferring with Defendant, shall submit a judgment consistent with this Opinion & Order within thirty days of the date below.